IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MYRAN KELLEY, # 1622103,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-2000-D-BK |
| | § | |
| **WILLIAMS STEPHENS,** | § | |
| **Director TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2009, a jury convicted Petitioner of murder and assessed punishment at 28 years' imprisonment. *State v. Kelley*, No. F0672844, *Judgment of Conviction* (204th Judicial District Court, Dallas County, 2009), available at http://courtecom.dallascounty.org/pav/.[1] The state court of appeals affirmed his conviction on July 6, 2012, and the Texas Court of Criminal Appeals (TCCA) denied his petition for discretionary review on January 9, 2013. *Kelley v. State*, No. 5–09–01438–CR, 2012 WL 2628074 (Tex. App. – Dallas, 2012, *pet. ref.*). Petitioner subsequently sought state habeas relief on May 28, 2014.[2] *See Ex Parte Kelley*, No.

---

[1] Document can be accessed on the website by entering case number and selecting Criminal Minutes DC.

[2] The state application is deemed filed on May 28, 2014, the date on which Petitioner signed it and likely also handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

W0672844A, *Application for Writ* (204th Judicial District Court, Dallas County 2014), available at http://courtecom.dallascounty.org/pav/.  The TCCA denied the original and an amended state applications without written order on April 1, 2015.  *See Ex Parte Kelley*, Nos. WR-82,432-02 and WR-82,432-04, *Action Taken* (Tex. Crim. App. 2015), available at http://www.search.txcourts.gov/Case.aspx?cn=WR-82,432-02&coa=coscca and http://www.search.txcourts.gov/Case.aspx?cn=WR-82,432-04&coa=coscca.[3]

On May 26, 2015, Petitioner filed the federal habeas petition in this case, raising numerous claims of ineffective assistance of counsel, incorrect jury instructions, improper voir dire, and arguments.  Doc. 3 at 6-27.[4]  As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 10.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

---

[3] *See Ex Parte Kelley*, No. W0672844B, *State's Response* (204th Judicial District Court, Dallas County 2014) (treating second state writ as an amended application), available at http://courtecom.dallascounty.org/pav/.

[4] Petitioner did not date the federal petition.  Doc. 3 at 30.  However, the certificate of inmate trust account, which he mailed to this Court along with his petition, was certified on May 26, 2015.  Doc. 5.  Accordingly, in light of his *pro se* status and the "mailbox rule," the Court deems the federal petition filed on May 26, 2015, the earliest possible day on which Petitioner could have placed it in the prison mailing system.  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). His conviction became final on April 9, 2013 -- 90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on January 9, 2013. *See* SUP. CT. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003); *Evans*, 2011 WL 744516. Thus, the one-year limitations period began running on April 10, 2013, and expired on April 9, 2014. Petitioner is not entitled to statutory tolling during the pendency of his state habeas application because it was filed on May 28, 2014, over one and one-half months after the one-year period expired. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired). Statutory tolling is equally unavailable during the pendency of his February 2015 petition for writ of mandamus. *See Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002) (mandamus petition is not considered an application for post-conviction or other collateral relief for purposes of section 2244(d)(2)'s tolling provision).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Doc. 3 at 6-277, 9; Doc. 10 at 1-3. Therefore, Petitioner's federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

*Equitable Tolling*

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, he delayed more than thirteen and one-half months from the date his conviction became final until he filed his state habeas application. After the denial of that application Petitioner did not immediately submit his federal petition, waiting instead over one and one-half months -- from April 1, 2015, until May 26, 2015.

Petitioner's assertions of ineffective assistance of counsel at trial and on appeal, Doc. 10 at 1, Doc. 4 at 1-4, have no bearing on equitable tolling because the alleged ineffective assistance occurred long before the one-year limitations period elapsed. *See e.g. Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling). In addition, Petitioner does not premise his claims of ineffective assistance of counsel on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

*Actual Innocence*

In response to this court's order regarding the limitations period, Petitioner vaguely notes his "innocence." Doc. 10 at 4; Doc. 11 at 1. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt.  Doc. 10 at 4; Doc. 11 at 1.  Indeed, he appears to rely only on his trial transcripts, which he submits to the Court for review.  Doc. 11 at 1 and attachments.  Petitioner also fails to advance any argument to support an actual innocence claim.  Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329).  Accordingly, the "actual innocence" exception is not applicable to this case, and the federal petition should be dismissed as time barred.  *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

SIGNED December 10, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE