IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRAN KELLEY, # 1622103,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | 3:15-CV-2000-D |
| | § | |
| WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the magistrate judge, and petitioner's objections filed on December 29, 2015, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted. It is therefore ordered that the petition for writ of habeas corpus is dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

In his objections, petitioner relies for the first time on *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan,* ___ U.S. ___, 132 S. Ct. 1309 (2012). But the equitable rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas,* 739 F.3d 611, 629-31 (11th Cir. 2014)). It "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing a § 2254 petition. *Id.*; *see also Shavers v. Stephens*, 2015 WL 4481527, at *3 (N.D. Tex. July 21, 2015) (McBryde, J.).

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the

Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions, and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( )   petitioner may proceed *in forma pauperis* on appeal.

(**X**)   petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

February 24, 2016.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE